**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1314
_____

COX MELBOURNE WASHINGTON,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-466-123)
Immigration Judge:  Honorable Amiena A. Khan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 10, 2012
Before:  SLOVITER, SMITH and COWEN, Circuit Judges

(Opinion filed: August 15, 2012)
_____

OPINION
_____

PER CURIAM

Cox Melbourne Washington petitions for review of a final order of removal.  For

the following reasons, we will deny the petition for review.

Washington, a citizen of Jamaica, was admitted into the United States as a lawful

permanent resident in 1988.  In 1991, Washington pleaded guilty in the Superior Court of

New Jersey, Essex County, for possession with intent to distribute cocaine, in violation of N.J. Stat. Ann. § 2C:35-5(b)(3). He was sentenced to two years of probation. In 1996, Washington pleaded guilty in the Superior Court of New Jersey, Essex County, to aggravated assault, in violation of N.J. Stat. Ann. § 2C:12-1(b)(1), and in 2001, he was sentenced to a term of five years of imprisonment.

In 2010, Washington was placed in removal proceedings with charges under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), as an alien convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, and INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. Washington admitted to his convictions and conceded removability. As relief from removal, he applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on his involvement with the Jamaica Labor Party ("JLP").

At a hearing before an Immigration Judge ("IJ"), Washington testified that he had been threatened and harmed by members of the People's National Party ("PNP") due to his involvement with the JLP. He testified that in 1966, when he was a teenager, he was hit with a tool. In 1968, police had kicked his feet and pushed him into a Jeep, and in a separate incident, PNP members had hit him in the head with a bottle, which injured his lip, nose, and finger. He stated that in June 1967, members of PNP murdered his father, stabbing his father in the back of a truck. After leaving Jamaica in 1988, Washington returned in 1990 to visit his mother, and testified that he did not experience any problems during that two day visit. Washington also stated that he was still a member of the JLP,

2

but has not been an active member since arriving in the United States.

The IJ denied relief and ordered Washington removed to Jamaica. The IJ found Washington "credible with regard to the prior occurrences in Jamaica," but found that his testimony was inconsistent with his application for relief and not plausible in light of country conditions. The IJ noted that Washington testified that his father was murdered in June 1967 after being stabbed by members of PNP, but Washington's asylum application stated that his father survived the attack. The IJ also noted that the incidents of violence Washington experienced last occurred in 1969, and that JLP was the present party in power in Jamaica. Thus, the IJ determined that Washington established neither that he has a well founded fear of persecution based on his political opinion, nor that it is more likely than not that he would be tortured if removed to Jamaica. Additionally, the IJ noted that Washington was not eligible for asylum or withholding of removal based on his aggravated felony conviction.[1]

Washington appealed to the Board of Immigration Appeals ("BIA"), arguing that the IJ's adverse credibility finding was not based on substantial evidence and that the IJ's denial of relief under CAT should be overturned. The BIA dismissed his appeal. The BIA noted that Washington did not challenge the denial of his applications for asylum and withholding of removal, and limited its analysis to Washington's CAT claim. The BIA determined that notwithstanding the IJ's credibility finding, Washington failed to establish that he was entitled to relief under CAT. The BIA noted that there has been a

---

[1] The IJ also granted the Government's oral motion to pretermit Washington's application for asylum and withholding of removal based on Washington's aggravated felony conviction.

long passage of time since he was actively involved with JLP, the record does not contain evidence that JLP members are being tortured in Jamaica, JLP has a majority of the seats in the Jamaican House of Representatives, and the prime minister of Jamaica is a member of JLP. Washington then filed a pro se petition for review. In his brief in support of the petition for review, he argues that the BIA erred in determining that he had been convicted of an aggravated felony, the IJ's adverse credibility finding was not supported by substantial evidence, the BIA erred in denying withholding of removal, and the BIA erred in denying relief under CAT.[2] He claims that the BIA failed to consider evidence regarding the willful blindness of government officials to the violent actions of the PNP and the IJ improperly based its determination solely because he failed to provide corroborating evidence.

We have jurisdiction to review a final order of removal pursuant to INA § 242(a), 8 U.S.C. § 1252(a). "Before we reach the merits of [Washington's] petition, we must first address the government's argument that we lack jurisdiction over any portion of [his] petition." Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010).

We first address the Government's contention that we lack jurisdiction to review Washington's claim that the BIA erred in denying his application for withholding of removal for failure to exhaust his administrative remedies. Prior to seeking review in this Court, an alien must "exhaust[ ] all administrative remedies available to the alien as of

_____

[2] In his motion for a stay of removal, Washington also argued that he was not afforded a fair hearing or given the chance to seek relief from removal and ineffective assistance of counsel. He has not discussed these claims in his brief and therefore they are waived. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). To exhaust a claim, "an applicant must first raise the issue before the BIA . . . so as to give it 'the opportunity to resolve a controversy or correct its own errors before judicial intervention.'" Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005) (citing Zara v. Ashcroft, 383 F.3d 927, 931 (9th Cir. 2004)). Washington raised only two claims before the BIA: (1) the IJ's adverse credibility finding was not based on substantial evidence; and (2) the IJ improperly denied CAT relief. We therefore agree with the Government that we lack jurisdiction to review Washington's claim that the BIA erred in denying his application for withholding of removal. We also conclude that we lack jurisdiction to review his claim that the BIA erred in determining that he had been convicted of an aggravated felony because he failed to exhaust that claim as well. See Lin v. Att'y Gen., 543 F.3d 114, 119 (3d Cir. 2008).

The Government also contends that we lack jurisdiction to review Washington's remaining claims, which contest the IJ's adverse credibility determination and the BIA's denial of CAT relief. We generally lack jurisdiction to review a final order of removal against an alien, such as Washington, who is removable by reason of having committed an aggravated felony. INA § 242(a)(2)(C), 8 U.S.C § 1252(a)(2)(C). However, we retain jurisdiction over constitutional claims or questions of law. INA § 242(a)(2)(D), 8 U.S.C § 1252(a)(2)(D).

A credibility determination, however, is a factual issue. See Jishiashvili v. Att'y Gen., 402 F.3d 386, 392 (3d Cir. 2005); see also Gourdet v. Holder, 587 F.3d 1, 5 (1st Cir. 2009) (noting credibility is a factual finding). Thus, Washington's challenge to the adverse credibility finding is a question of fact, which we lack jurisdiction to review. See

5

INA § 242(a)(2)(C), (D), 8 U.S.C § 1252(a)(2)(C), (D).

We conclude that we also lack jurisdiction to review Washington's argument that the BIA improperly disregarded probative evidence in support of his CAT claim, as arguments pertaining to an alleged failure to consider evidence do not give rise to questions of law under INA 242(a)(2)(D); 8 U.S.C. § 1252(a)(2)(D). Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007). Additionally, we may not review Washington's arguments contesting the IJ's analysis because the BIA issued its own decision. See Sheriff v. Att'y Gen., 587 F.3d 584, 588 (3d Cir. 2009). Insofar as Washington attempted to argue that the BIA improperly denied his CAT claim for failure to provide corroborating evidence, this is a question of fact, which we lack jurisdiction to review. See INA § 242(a)(2)(C), (D), 8 U.S.C § 1252(a)(2)(C), (D); Abdulai v. Ashcroft, 239 F.3d 542, 552 (3d Cir. 2001).

To the extent, however, that Washington challenges the BIA's application of the law governing CAT protection to the undisputed facts of record, we have jurisdiction to review the claim, Toussaint v. Att'y Gen., 455 F.3d 409, 412 n.3 (3d Cir. 2006), and will reject it on the merits. The evidence presented by Washington does not show that it is more likely than not that he will be tortured if removed to Jamaica. See 8 C.F.R. § 1208.16(c)(2). Washington's testimony and background materials focus on events that occurred in the 1960s, not the current country conditions. He also did not indicate that he experienced any problems as a member of the JLP while he remained in Jamaica from 1970 to 1988. Further, the country report does not support Washington's contention that he will be tortured as a member of JLP. See Ambartsoumian v. Ashcroft, 388 F.3d 85, 89

(3d Cir. 2004) (country reports described as the "most appropriate" and "perhaps best resource" on country conditions). The country report does not state that members of JLP are being tortured in Jamaica. Instead, the report notes that the JLP won 32 of the 60 seats in the Jamaican House of Representatives and the Jamaican prime minister is a member of the JLP. Therefore, the BIA did not err in denying Washington relief under CAT.

Accordingly, we will deny the petition for review.